Larry Don McELHANEY, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–17029.

Court of Criminal Appeals of Oklahoma.

Jan. 12, 1972.

Andrew T. Dalton, Jr., Public Defender, Tulsa, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., James E. Briscoe, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge:

Larry Don McElhaney, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Tulsa County, Oklahoma, for the offense of Possession of Marijuana; his punishment was fixed at six (6) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

Because of the ultimate conclusion reached, we do not deem it necessary to give a detailed statement of facts. Suffice it to say that the police officers went to the defendant's apartment in Tulsa, Oklahoma, and knocked on the door. Prior to knocking on the door, they smelled marijuana burning. Defendant opened the door, and they observed a burning hand-rolled cigarette in an ash tray. Defendant was placed under arrest, and a baggie of marijuana was found in a boot near the ash tray. The apartment was searched, and seventeen additional "lids" of marijuana were found in a closet in the bedroom.

The officer testified over objection of the defendant that they advised defendant of his "Miranda rights," wherein he stated that he was a dealer in marijuana. State's Exhibit Number One, the baggie found in the boot, and State's Exhibit Number Two, the seventeen "lids" found in the bedroom were admitted without objection, and were identified by a chemist as being marijuana.

The defendant testified that on the evening in question, five friends had been visiting at his apartment until approximately 9:30 o'clock p. m. Somewhere around 2:30 o'clock a. m., he heard a knock on the door, and upon opening the door, four police officers came in. He testified that he was placed under arrest for possession of marijuana, and they "pulled a baggie of marijuana out of a brown boot on the floor." Defendant testified that he was abused and beaten by the officers, and he denied making any statement to the police to the effect that he was a dealer. He admitted putting the baggie of marijuana in his boot, but denied knowledge of the additional marijuana found in the bedroom. Defendant admitted a prior conviction for possession of marijuana.

In rebuttal, the police officers denied abusing the defendant, and testified over objection that prior to their entry into the apartment, an informant had been sent into the apartment building to make a buy. The informant returned with a lid of marijuana.

Defendant asserts six propositions of error, only three of which we deem necessary to discuss in this opinion. We first observe that a police officer volunteered evidence constituting an evidentiary harpoon. The Record reflects the following transpired:

"Q. After you advised him of these rights, did you ascertain where Mr. McElhaney was from?

"A. Yes, sir. He said he had been arrested, I believe in Oklahoma City, for a charge of—."

We next observe that the trial court allowed improper rebuttal testimony. The defendant testified that no one came to his apartment from the time his friends left, at approximately 9:30 p. m., until the police

officers arrived at 2:30 a. m. The Record reflects that Officer McDonald was re-called, and the following questions asked:

"Q. There has been some testimony that between the hours of 7:30 and the time that you all arrived that no one went to Mr. McElhaney's apartment. Do you know different, sir?

"A. Yes, sir.

"Q. Would you explain how this is different, sir?"

The officer therein testified that approximately one hour before the arrest, an informant was sent into the apartment house to purchase drugs, that the informant was gone approximately two to three minutes, and returned with a lid of marijuana. The officer testified on re-cross examination that the apartment building contained two or three floors, that he did not know how many apartments were on each floor, and that there were lights on in other apartments. We observe that, although it would have been proper rebuttal to have the informant testify that he did enter the defendant's apartment and purchase marijuana, the officer's testimony proves nothing more than the fact that the informant went into the apartment building and purchased marijuana from some unidentified person within the building.

The final proposition asserts that the punishment is excessive. In view of the errors previously discussed, we are of the opinion that this proposition is well taken. We further observe that the defendant admitted possession of one baggie of marijuana on cross examination. A re-trial of this case would result in a similar finding of guilt. We, therefore, conclude that justice would best be served by modifying the judgment and sentence to a term of two (2) years, and as so modified, the judgment and sentence is affirmed.

Modified and affirmed.

BRETT and SIMMS, JJ., concur.